IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LESSARD and ROBERT L. REAGAN for themselves and on behalf of all other similarly situated employees, | |
| Plaintiffs, | No. 2:10-cv-01262 MCE KJN |
| v. | ORDER |
| TRINITY PROTECTION SERVICES, INC., a Maryland Corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |
| _____ / | |

   Presently before the court is defendant's motion for a protective order, which is set for hearing on July 22, 2010.[1] (Dkt. No. 9.) Having concluded that oral argument would not assist the court, the undersigned hereby submits defendant's motion on the briefs and record on file. For the reasons that follow, the undersigned will deny defendant's motion and the parties' respective requests for fees and costs.

   Plaintiffs filed this action in state court and propounded discovery on defendant that is the subject of defendant's motion. Defendant removed this action to federal court prior to

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

answering, objecting to, or otherwise seeking resolution of plaintiffs' discovery requests.  Shortly after removing this action, defendant filed a motion to dismiss and/or strike plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12, which is pending before the United States District Judge assigned to this case and is set for hearing on July 22, 2010.  (Dkt. No. 7.)  Shortly after filing its motion to dismiss, defendant filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), which seeks an order protecting defendant from responding to plaintiffs' discovery requests that were propounded prior to defendant's removal of this action.  (See Dkt. No. 9.)

Based on the record before the court, it is apparent to the undersigned that both parties agree that plaintiffs' discovery was prematurely propounded in that it was served before the parties had conducted a Rule 26(f) conference.  See Fed. R. Civ. P. 26(d).[2]  Accordingly, the undersigned will deny defendant's motion for a protective order because the discovery dispute that existed at the time defendant filed its motion no longer exists.

It appears that after defendant filed its motion and after plaintiffs filed their opposition brief, the parties conducted a Rule 26(f) conference and discussed discovery at some length.  The Joint Statement re Discovery Disagreement filed by defendant indicates that the parties agreed to review one another's initial disclosures, which do not appear to have been exchanged yet, "and then serve discovery requests only after making an initial informal effort to obtain additional discoverable information."  (Joint Statement at 2:7-9.)  Despite this plan, defendant left its motion on calendar and seeks premature resolution of several discovery disagreements.  Because resolution of these disagreements would amount to an advisory opinion,

---

[2] District courts within the Ninth Circuit may also permit expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause."  See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)).  "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Id. (citation and internal quotation marks omitted).   Plaintiff does not argue that good cause supported expedited discovery requests.

the undersigned will not address them in this order.  To the extent that these disputes persist after the parties have completed their planned disclosures, and after the court has resolved defendant's pending motion to dismiss/strike, the parties may file additional noticed motions consistent with the Federal Rules of Civil Procedure and the court's Local Rules.

The undersigned will also deny the parties' respective requests for attorneys' fees and costs, as such an award to either party would be unjust.  The parties have demonstrated a clear inability to communicate with one another in clear and reasonable terms, and this is what exacerbated this dispute.  Both parties are equally blameworthy for the unnecessary escalation of this dispute and, accordingly, it would be unjust to award fees and costs.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order (Dkt. No. 9) is denied.

2. The parties' respective requests for fees and costs are also denied.

IT IS SO ORDERED.

DATED: July 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE