UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. LESSARD and ROBERT L. REAGAN, for themselves and on behalf of all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY PROTECTION SERVICES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | No. 2:10-cv-01262-MCE-KJN<br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

----oo0oo----

Through the present action, Plaintiffs Michael Lessard and Robert Reagan ("Plaintiffs") seek civil penalties from their employer, Defendant Trinity Protection Services, Inc. ("Defendant"), for violations of the California Labor Code. Plaintiffs bring their claim pursuant to the Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 et seq., which authorizes employees to bring claims for civil penalties against employers on behalf of all similarly situated employees.

1

Defendant now moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], alleging that Plaintiffs have failed to exhaust administrative remedies before bringing their claim.  In the alternative, Defendant also brings a Rule 12(f) Motion to Strike the portion of the Complaint seeking civil penalties under Labor Code § 210, and for a more definite statement pursuant to Rule 12(e).  For the reasons set forth below, Defendant's Motion is denied in its entirety.[2]

## BACKGROUND[3]

PAGA allows "aggrieved employees" to act as private attorneys general by bringing claims for civil penalties against employers for violations of the Labor Code.  Cal. Lab. Code § 2699(a) (West 2010).  Seventy-five percent of any funds recovered go to the Labor and Workforce Development Agency ("LWDA") and the remaining twenty-five percent go to the aggrieved employees.  Id. § 2699(i).

///
///
///
///

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

2

1    PAGA sets out procedural requirements that must be met
2 before a claim can be brought.  The proposed plaintiff must
3 provide written notice to both the LWDA and the employer, listing
4 "the specific provisions...alleged to have been violated,
5 including the facts and theories to support the alleged
6 violation."  Id. § 2699.3(a)(1).  Notice must be sent by
7 certified mail, and the employee can only pursue a claim if the
8 LWDA either declines to investigate or neglects to respond within
9 33 days.  Id. § 2699.3(a)(2)(A).  If the LWDA decides to
10 investigate, it must do so within 120 days.  Should it fail to
11 investigate or decide not to issue a citation, the proposed
12 plaintiff may then bring a cause of action.  Id.
13 § 2699.3(a)(2)(B).
14    Plaintiffs were employed as security guards and paid hourly
15 by Defendant, a government contractor that provides security
16 guards for government installations and buildings.  They contend
17 that Defendant had a policy of paying Plaintiffs and other
18 similarly situated employees twelve days after the close of each
19 pay period, and that this policy violates the wage payment
20 parameters of California Labor Code § 204.  They bring their PAGA
21 claim on behalf of all other similarly situated employees, and
22 seek civil penalties for each violation of the Labor Code.  They
23 ask to be awarded twenty-five percent of any penalties recovered,
24 to which they are statutorily entitled.
25 ///
26 ///
27 ///
28 ///

3

1      Before filing the present action, Plaintiffs' attorney sent
2 a certified letter to both Defendant and the LWDA; Defendant has
3 attached a copy of this letter to its Motion to Dismiss.[4]  In the
4 letter, dated February 5, 2010, the attorney for Plaintiffs
5 indicates that after speaking "to a number of employees of
6 Trinity Protection Services, Inc." he concluded that Defendants
7 were in violation of Labor Code provisions.  (Def.'s Mot. Dismiss
8 Ex. A.)  Specifically, the letter states that "[y]our policy and
9 practice is to pay wages 12 days after the pay period ends.
10 Thus, your pay practice violates Labor Code § 204."  (Id.)  The
11 letter does not name the employees spoken to or specify which
12 employees were represented, but rather states that "[w]e intend
13 to file claims for violations of the following code section: 1.
14 LC § 204: failure to make timely wage payments after close of pay
15 period."  (Id.)  Plaintiffs waited the statutorily prescribed
16 time period before filing their claim.
17 ///

---

[4] If plaintiff fails to attach to the complaint a document on which it is based, defendant may attach such documents to a Rule 12(b)(6) motion to show that they do not support plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)). Documents not physically attached to the complaint may nonetheless be considered by the court on a 12(b)(6) motion to dismiss if the complaint refers to such document, the document is central to plaintiff's claim, and no party questions the authenticity of the copy attached to the 12(b)(6) motion. Id. at 454. This prevents "a plaintiff with a legally deficient claim (from surviving) a motion to dismiss simply by failing to attach a dispositive document on which it relied." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993) (parentheses added). This "incorporation by reference" doctrine allows the court to look beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment. Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

4

1  Defendant takes issue with the letter from Plaintiffs'
2 attorney, contesting the specificity of the information provided
3 as well as the sufficiency of notice.  Defendant also seeks a
4 more definite statement pursuant to Rule 12(e) as to the group of
5 aggrieved employees Plaintiffs purport to represent.  Finally,
6 Defendant argues that Plaintiffs are barred from seeking civil
7 penalties under Labor Code § 210, as only the Labor Commissioner
8 is entitled to recover such penalties.

## STANDARD

### A.   Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). In order to "state a claim for relief that is plausible on its face," Aschroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570), plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal citation and quotation omitted).

**B.   Motion to Strike under Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.
///

6

1  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)
2  (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517
3  (1994)) (internal citations and quotations omitted).  Impertinent
4  matter consists of statements that do not pertain, and are not
5  necessary, to the issues in question.  Id.

      **C.**    **Motion for a More Definite Statement under Rule 12(e)**

9       Before interposing a responsive pleading, a defendant may
10 move for a more definite statement "[i]f a pleading...is so vague
11 or ambiguous that a party cannot reasonably be required to frame
12 a responsive pleading...." Fed. R. Civ. P. 12(e).  A Rule 12(e)
13 motion is proper when the plaintiff's complaint is so indefinite
14 that the defendant cannot ascertain the nature of the claim being
15 asserted.  Gay-Straight Alliance Network v. Visalia Unified Sch.
16 Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).  Due to the
17 liberal pleading standards in the federal courts embodied in Rule
18 8(e) and the availability of extensive discovery, courts should
19 not freely grant motions for more definite statements.  Famolare,
20 Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D.
21 Cal. 1981).  Indeed, a motion for a more definite statement
22 should be denied unless the information sought by the moving
23 party is not available or is not ascertainable through discovery.
24 Id.
25 ///
26 ///
27 ///
28 ///

**D. Leave to Amend**

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A. Exhaustion of Administrative Remedies**

As discussed above, PAGA sets out a series of administrative requirements that must be met before a claim may be brought by an aggrieved employee. Cal. Lab. Code § 2699.3, Dunlap v. Superior Court, 47 Cal. Rptr. 3d 614, 618 (Cal. Ct. App. 2006). These measures were adopted as amendments to PAGA in order to respond to perceived abuses. Dunlap, 47 Cal. Rptr. 3d at 619. As amended, "[t]he bill protects businesses from shakedown lawsuits, yet ensures that labor laws protecting California's working men and women are enforced – either through the Labor Agency or through the courts." Id. at 619 (internal citation omitted).

///
///

1     While Defendant does not otherwise challenge Plaintiffs'
2 compliance with these requirements, it does contest the sufficiency
3 of the notice letter sent by Plaintiffs' attorney.  Defendant
4 argues that the letter does not meet the statutory requirements of
5 PAGA because it did not name the employees who planned to bring
6 the claim or list the "facts and theories" in support of its
7 allegations.  Because of these alleged defects, Defendant argues
8 the letter failed to provide Defendant with requisite notice.

9     Defendant's reading of the notice provision of § 2699.3(a),
10 however, stretches both the language and the intent of the
11 statute.  The letter clearly states which "specific provisions"
12 of the California Labor Code were violated, and further states
13 that Plaintiffs' attorney planned to file claims for said
14 violations.  Furthermore, the letter informs Defendant of the
15 "facts and theories" supporting this allegation.  According to
16 the letter, Defendant failed to make timely payments "for each
17 employee." (Def.'s Mot. Dismiss Ex. A.)  This violation affected
18 all employees, thereby obviating the need to name specific
19 "aggrieved employees."  The notice provided therefore meets
20 statutory requirements and was sufficient to allow the LWDA to
21 investigate the claim, should it have elected to do so.[5]

---

[5] Defendant argues that the administrative requirements of § 2699.3 are intended to provide the employer with notice so that a violation may be cured.  However, claims for violations of provisions listed in § 2699.5, which include the § 204 claims brought by Plaintiffs, do not benefit from the right-to-cure provisions of PAGA.  The employer and the LWDA must be notified by certified mail of aggrieved employee's claims, but the employer does not have an opportunity to cure those violations in order to avoid suit.  See Cal. Lab. Code § 2699.3(a). Defendant's argument that it was not provided with sufficient notice to cure violations is therefore discarded as moot.

9

Defendant also argues that Plaintiffs failed to indicate whether or not they were members of a union.[6] According to Defendant, Plaintiffs must plead this fact because a collective bargaining agreement may preempt the payment provisions of § 204. Labor Code § 204(c) states that "when employees are covered by a collective bargaining agreement ("CBA")that provides different pay arrangements, those arrangements shall apply to the covered employees." Cal. Lab. Code § 204(c). Defendant cites no authority to support the proposition that claims brought under § 204 must address union membership in the initial complaint. Due to the fact-specific inquiry required, whether or not a CBA exists that would preempt this claim would be more appropriately raised as an affirmative defense.

**B.   Motions to Strike and for a More Definite Statement**

Defendant argues that only the Labor Commissioner may collect penalties under Labor Code § 210, and therefore Plaintiffs are barred from seeking relief under that provision. Section 210 provides that violations of § 204 are subject to civil penalties, and that those penalties "shall be recovered by the Labor Commissioner...in an independent civil action." Cal. Lab. Code § 210(b) (West 2010).

---

[6] Defendant has attached a copy of the collective bargaining agreement ("CBA") between Defendant and the United Government Security Officers of America union to its Motion to Dismiss. Because this Court cannot consider matters extrinsic to the pleadings on a 12(b)(6) motion, the CBA will not be addressed in this order. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001).

10

1 However, PAGA expressly empowers employees to seek civil
2 penalties on behalf of the Labor Commissioner:

> [A]ny provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency *or any of its departments, divisions, commissions, boards, agencies, or employees* for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

8 Id. § 2699(a) (emphasis added).  This is in keeping with PAGA's
9 legislative findings that "the only meaningful deterrent to
10 unlawful conduct is the vigorous assessment and collection of
11 civil penalties as provided in the Labor Code" and that "it is
12 therefore in the public interest to provide that civil
13 penalties...may also be assessed and collected by aggrieved
14 employees acting as private attorneys general."  Cal. Legis.
15 Serv. Ch. 906 (S.B. 796) (West 2003).
16     Plaintiffs are thus entitled to seek penalties under § 210
17 and Defendant's Motion to Strike is denied.  Furthermore, because
18 the Court finds that Plaintiffs have exhausted administrative
19 remedies under PAGA and met the specificity requirements of
20 federal pleading standards, Defendant's Motion for a More
21 Definite Statement is also denied.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

11

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss, to Strike, and for a More Definite Statement (Docket No. 7) is DENIED.

IT IS SO ORDERED.

Dated: August 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

12