S. Ward Heinrichs, State Bar No. 157774
Karin L. Backstrom, State Bar No. 163306
**BACKSTROM & HEINRICHS**
**ATTORNEYS AT LAW, APC**
4565 Ruffner Street, Suite 206
San Diego, California 92111
Telephone: (858) 292-0792
Fax: (858) 874-8850

Attorneys for Plaintiffs MICHAEL P. LESSARD, ROBERT L. REAGAN, and on behalf of the state of California

UNITIED STATES DISCTICT COURT, EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL P. LESSARD and ROBERT L. REAGAN for themselves and on behalf of all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY PROTECTION SERVICES, INC., a Maryland Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:10-CV-01262-MCE-KJN<br><br>NOTICE OF MOTION AND MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WHICH DEFENDANT DID NOT RESPOND<br><br>Date: March 10, 2011<br>Time: 10:00 a.m.<br>Dept: 25<br><br>Judge: Magistrate Kendall J. Newman |

<u>NOTICE</u>

TO TRINITY PROTECTION SERVICE, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON March 10, 2011 at 10:00 a.m. or as soon thereafter as the matter may be heard in Department 25 of the above-entitled Court located at 501 I Street, Sacramento, California 95814, Named Plaintiff and aggrieved employee Michael P. Lessard will, and hereby does, move this Court for an order compelling Defendant Trinity Protection Services, Inc. to answer interrogatories and request for production of documents. Defendant failed to respond to the following discovery at all, and, accordingly, will seek responses to: Special Interrogatories, Set One, under FRCP 33; Request for Production of Documents, Set One, under FRCP 34; Form Interrogatories—General, Set One (state court discovery); Form Interrogatories—Employment, Set One (state court discovery); Special Interrogatories, Set One (state court

discovery), Request for Production of Documents, Set One (state court discovery). Mr. Lessard seeks responses to the four sets of discovery he issued in state court because, in his Pretrial Scheduling Order, District Judge Morrison C. England ordered defendant to "respond to the discovery requests propounded by Plaintiffs in state court not later than thirty (30) days from the date this Pretrial Scheduling Order is electronically filed." Mr. Lessard also moves for an order that Defendant pay him the sum of $2,647.37 as reasonable costs and attorney fees incurred by the moving party in connection with this proceeding.

The grounds for this motion are: (1) Defendant failed to obey the Pretrial Scheduling Order requiring it to respond to the above referenced state court discovery (FRCP 37(b)(2)(A)), (2) Defendant failed to respond at all to both the federal court and state court discovery referenced above (FRCP 37(d)(1)(A)). Further, the requested discovery was relevant, not privileged, and said refusal was not otherwise justified.

This motion will be based on this Notice and Motion, the supporting memorandum of Points and Authorities, the declaration of S. Ward Heinrichs, the above referenced discovery requests which are attached as Exhibits 1, 2, 3, 4, 5, and 6, and the record in this case.

## INTRODUCTION

Plaintiff MICHAEL P. LESSARD originally filed the above captioned case in state court. On April 29, 2010, while in state court, Plaintiff served the following discovery on Defendant: (1) Plaintiff Michael P. Lessard's Special Interrogatories To Defendant Trinity Protection Services, Inc., Set One; (2) Plaintiff Michael P. Lessard's Request For Production Of Documents To Defendant Trinity Protection Services, Inc., Set One; (3) Plaintiff Michael P. Lessard's Form Interrogatories--General To Defendant Trinity Protection Services, Inc., Set One; (4) Plaintiff Michael P. Lessard's Form Interrogatories—Employment To Defendant Trinity Protection Services, Inc., Set One. (Declaration of S. Ward Heinrichs, ¶ 4.)

On May 21, 2010, before the required time to respond to the above discovery, Defendant removed the case to the above captioned Court. On September 24, 2010, in his Pretrial Scheduling Order, District Judge Morrison C. England ordered Defendant to "respond to the discovery requests propounded by Plaintiffs in state court not later than thirty (30) days from the

date this Pretrial Scheduling Order is electronically filed." (Declaration of S. Ward Heinrichs, ¶ 5.) The order was filed on September 27, 2010. (Declaration of S. Ward Heinrichs, ¶ 5.) Defendant has not responded to any of the above referenced state discovery despite Judge England's order. (Declaration of S. Ward Heinrichs, ¶ 5.)

In addition, Plaintiff served discovery in Federal Court. On August 29, 2010, he served Request for Production of Documents, Set One. He also served Special Interrogatories, Set One, on October 18, 2010. Defendant has not responded to either of those discovery requests even though the time within which to respond has passed. (Declaration of S. Ward Heinrichs, ¶ 6.)

In October and November, Plaintiff's counsel met and conferred many times with Defense Counsel about discovery. Accordingly, Plaintiff has complied with all meet and confer requirements under local rule and the Federal Rules of Civil Procedure. (Declaration of S. Ward Heinrichs, ¶ 7 and 8.) In early December, the parties agreed to mediate this case through the District Court DVRP program. As part of that agreement, Plaintiff agreed to not have any discovery motions heard before the mediation date. The date of the mediation is set for February 25, 2011. (Declaration of S. Ward Heinrichs, ¶ 9.)

Now, Plaintiff asks this Court to order Defendant to respond to the above referenced discovery and to order sanctions for Defendant's failure to respond at all to the discovery as required by the District Court's order and by the Federal Rules of Civil Procedure.

## ARGUMENT

**I.  DEFENDANT FAILED TO COMPLY WITH DISTRICT JUDGE MORRISON C. ENGLAND'S ORDER TO RESPOND TO THE DISCOVERY PLAINTIFF PROPOUNDED IN STATE COURT.**

Judge England ordered Defendant to respond to the discovery the Plaintiffs propounded in the Superior Court of California before Defendant removed the motion: "Defendant shall respond to the discovery requests propounded by Plaintiffs in state court not later than thirty (30) days from the date this Pretrial Scheduling Order is electronically filed." (Declaration of S. Ward Heinrichs, ¶ 5.) The order was filed on September 27, 2010. (Declaration of S. Ward Heinrichs, ¶ 5.) Thus, responses were due no later than October 27, 2010. Defendant has not responded to any of the above referenced state discovery despite Judge England's order. (Declaration of S. Ward

NOTICE OF MOTION AND MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS

Heinrichs, ¶ 5.)  That failure violates the requirements of Federal Rule of Civil Procedure 37(b)(2)(A). That rule states:

> (A)    *For not obeying a Discovery Order.*  If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide a permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  FRCP 37(b)(2)(A).

Among the sanction orders a Court may issue are: (1) certain facts sought in discovery be deemed established; (2) rendering a default judgment against the disobedient party, (3) treating the failure to obey as contempt.  FRCP 37(b)(2)(A)(i), (vi), and (vii).

Further, failure to obey Judge England's order requires this Court to issue monetary sanctions "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FRCP 37(b)(2)(C).  Here, Defendant was not justified in its failure to respond to the state discovery to which Judge England ordered it to respond.

In addition to the monetary sanctions, Plaintiffs request the Court to establish the following facts: That Defendant paid Named Plaintiffs, and the group of aggrieved employees on whose behalf the Named Plaintiffs are seeking civil penalties under the California Private Attorney General Act at Labor Code §2699, twelve days after the close of its payroll period for every payroll period before March 26, 2010.

In the alternative, Plaintiffs request this Court to render a default judgment against Defendants.

**II.    DEFENDANT NEVER RESPONDED TO DISCOVERY PLAINTIFF PROPOUNDED IN THIS COURT UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff issued one set each of Request for Production of Documents and Special Interrogatories on August 29, 2010 and October 18, 2010, respectively.  The time for responses has long since passed, and still Defendant has not yet responded.  Such failure to respond violates Federal Rule of Civil Procedure 37(d)(1)(A)(ii), which states:

> (A)    *Motion: Grounds for Sanctions.*  The court where the action is pending, may, on motion, order sanctions if:
>
>    (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections,

- 4 -

NOTICE OF MOTION AND MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS

or written response.

When a responding party fails to respond at all, then the Court may issue the following sanctions under Federal Rule of Civil Procedure 37(d)(3):

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Again, because Defendant's failure to respond at all to the discovery issued under the Federal Rules was not "substantially justified", this Court must require Defendant to pay a monetary sanction.

Further, it may order the same issue preclusion sanctions and terminating sanctions as allowed for Defendant's failure to obey Judge England's order to respond to state discovery. Thus, Plaintiffs ask this Court to either render a default judgment or to order the following facts established: That Defendant paid Named Plaintiffs, and the group of aggrieved employees on whose behalf the Named Plaintiffs are seeking civil penalties under the California Private Attorney General Act at Labor Code §2699, twelve days after the close of its payroll period for every payroll period before March 26, 2010.

**III.   BECAUSE DEFENDANT'S FAILURE TO RESPOND TO PLAINTIFF'S DISCOVERY REQUREST WAS NOT SUBSTANTIALLY JUSTIFIED, THE COURT MUST ISSUE MONETARY SANCTIONS, AND, IN ADDITION, THE COURT SHOULD USE ITS STATUTORY POWERS TO ISSUE FURTHER SANCTIONS.**

Defendant's failure to respond was not substantially justified. Accordingly, Plaintiffs request a monetary sanction in the amount of $2,647.37. (Declaration of S. Ward Heinrichs, ¶ 11.)

In addition, Plaintiffs ask the Court to either issue a default order to find the following facts established: That Defendant paid Named Plaintiffs, and the group of aggrieved employees on whose behalf the Named Plaintiffs are seeking civil penalties under the California Private Attorney General Act at Labor Code §2699, twelve days after the close of its payroll period for every payroll period before March 26, 2010.

An order finding that Defendant paid its employees 12 days after the close of its pay

periods is supported by much evidence. Defendant's failure to respond to discovery prevents Plaintiff's from getting an admission that such was the case. Defendant's own handbook states that it paid its employees 12 days after the close of the pay period. (Declaration of S. Ward Heinrichs, ¶ 10.) Defendant's 2009 Payroll Schedule show payments 12 days after the close of the pay period. (Declaration of S. Ward Heinrichs, ¶ 10.)

California Labor Code §204 requires employers to pay wages no later than 11 days after the close of a payroll period. Here, because Defendant's payroll was biweekly, it was required to pay wages within 7 days of the close of the payroll period. California Labor Code §204(d). Accordingly, granting the issue preclusion order will streamline the case by removing one of the ultimate facts from the requirement of being proved in a dispositive motion or at trial. The Court should find that Defendant paid wages 12 days after the close of the pay period for all pay periods before March 26, 2010. After that point, Defendant changed its payroll policy to comply with California law. (Declaration of S. Ward Heinrichs, ¶ 10.)

DATE: 2/10/11                                                        BACKSTROM & HEINRICHS

                                                                     By: /s/ S. Ward Heinrichs
                                                                     S. Ward Heinrichs
                                                                     Attorneys for Plaintiffs MICHAEL P.
                                                                     LESSARD, ROBERT L. REAGAN and all
                                                                     other similarly situated employees.

NOTICE OF MOTION AND MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS