IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LESSARD and ROBERT L. REAGAN for themselves and on behalf of all other similarly situate employees,

    Plaintiffs,

    v.

TRINITY PROTECTION SERVICES, INC., a Maryland Corporation, and DOES 1 through 50, inclusive,

    Defendants.

No. 2:10-cv-01262 MCE KJN

<u>ORDER</u>

        Presently before the court is the parties' Confidentiality Agreement and [Proposed] Stipulated Protective Order, which pertains to the production of materials designated by the parties as "Highly Confidential Information." (<u>See</u> Confidentiality Agmt. at 1, Dkt. No. 99.) Although the parties apparently seek approval of the Confidentiality Agreement by the court, the parties curiously included the following paragraph in their Confidentiality Agreement:

> **WHEREAS**, the parties have met and conferred in good faith and agree that *a private agreement between the parties is appropriate at this juncture* (this "Agreement") to adequately protect Defendant's Highly Confidential Information, the parties further agree that *a stipulated protective order may become necessary* to protect Defendant's Highly Confidential Information and agree, *in that event*, that the parties will jointly move this Court to enter this Agreement as a Stipulated Protective

1

Order ("Order"). (Id. at 1:17-22 (emphasis added.)  As a result of this paragraph, it appears to the undersigned that the parties presently intend to enter into a *private* agreement concerning the production of "Highly Confidential Information" and that the parties are not presently seeking approval of a stipulated protective order.  Thus, it is entirely unclear why the parties are seeking court approval of the Confidentiality Agreement, which is presently drafted as a private agreement.  Moreover, even if the court were to consider the Confidentiality Agreement as seeking approval of a proposed stipulated protective order, the Confidentiality Agreement does not make the showing required by Local Rule 141.1(c).  Specifically, it does not contain "[a] showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3).  Indeed, the Confidentiality Agreement makes the exact opposite showing.

Accordingly, IT IS HEREBY ORDERED that the parties' Confidentiality Agreement and [Proposed] Stipulated Protective Order (Dkt. No. 99), as presently drafted, is not approved.

IT IS SO ORDERED.

DATED: June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE