IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LESSARD and ROBERT L. REAGAN for themselves and on behalf of all other similarly situate employees,

    Plaintiffs,

v.

TRINITY PROTECTION SERVICES, INC., a Maryland Corporation, and DOES 1 through 50, inclusive,

    Defendants.

No. 2:10-cv-01262 MCE KJN

ORDER

_____/

    Presently before the court are plaintiffs' motions to: (1) compel answers to interrogatories and requests for production served prior to, and subsequent to, the removal of this case to federal court (Dkt. No. 35); and (2) compel further answers to plaintiffs' first set of request for admissions (Dkt. No. 58).[1]  The undersigned heard this matter on its law and motion calendar on June 16, 2011.  (Minutes, Dkt. No. 97.)  Attorney S. Ward Heinrichs appeared on behalf of plaintiffs via telephone.  Attorney Carolyn B. Hall appeared on behalf of defendant.

    The parties' joint statement re discovery disagreement and plaintiffs' counsel's

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

representations at the hearing clarify that, as a result of events occurring after the filing of plaintiffs' motions to compel, the discovery dispute presently before the court is limited to two issues: (1) whether, in light of the initial scheduling order entered in this case (Dkt. No. 27), plaintiffs were permitted to propound ten special interrogatories pursuant to Federal Rule of Civil Procedure 33, which seek information regarding the affirmative defenses asserted by defendant; and (2) whether either party is entitled to discovery expenses or sanctions in regards to the motions to compel pursuant to Federal Rule of Civil Procedure 37.

For the reasons stated on the record at the hearing on plaintiffs' motions to compel, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (Dkt. No. 35) is denied as moot to the extent that is seeks responses to plaintiffs': (1) first set of requests for production of documents served while this case was pending in state court; (2) first set of general form interrogatories served while this case was pending in state court; (3) first set of employment-related form interrogatories served while this case was pending in state court; (4) first set of special interrogatories, numbered 1 through 26, served while this case was pending in state court; and (5) plaintiff's first set of request for production of documents served pursuant to Federal Rule of Civil Procedure 34 after removal of the action.  Plaintiffs' motion to compel is denied on the merits to the extent that it concerns plaintiffs' first set of special interrogatories served pursuant to Federal Rule of Civil Procedure 33; plaintiffs' set of ten interrogatories was served in violation of the initial scheduling order in this case.

2. Plaintiffs' motion to compel further answers to plaintiffs' first set of request for admissions (Dkt. No. 58) is denied as moot.

3. Plaintiffs' request for the award of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) is granted with respect to its motion to compel responses to the various requests for production and interrogatories served in state and federal court, except with regard to the special interrogatories discussed above.  Regarding plaintiffs'

1  requests for production and interrogatories other that the ten special interrogatories served in
2  violation of the initial scheduling order in this case, defendant only responded to discovery after
3  plaintiffs were forced to file their motion to compel.  See Fed. R. Civ. P. 37(a)(5) (providing that
4  "if the disclosure or requested discovery is provided after the motion was filed . . . [,] the court
5  must, after giving an opportunity to be heard, require the party or deponent whose conduct
6  necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's
7  reasonable expenses incurred in making the motion, including attorney's fees").  In consideration
8  of plaintiffs' counsel's declarations, plaintiff is awarded $6,000 as reasonable expenses pursuant
9  to Rule 37(a)(5).[2]  Defendant shall pay the award directly to plaintiffs or to plaintiffs' counsel
10 within 45 days of the date of this order and notify the court in writing within seven days of such
11 payment.[3]

       4.    Plaintiffs' request for an award of reasonable expenses or sanctions in connection with their motion to compel further answers to plaintiffs' first set of request for admissions is denied.

////

////

////

---

[2] Plaintiffs seek a total of $12,923.33 as reasonable expenses for filing and pursuing both motions to compel.  (Suppl. Heinrichs Decl. ¶ 18, Dkt. No. 96, Doc. No. 96-1.)  In light of the rulings above, plaintiffs are not entitled to an award in that amount.  Instead, the undersigned has made the award above in light of the representations made in plaintiffs' counsel's declarations and in an effort to avoid any additional expenses for plaintiffs and defendants in further contesting or parsing the matter of reasonable expenses.

[3] It is apparent from the documents filed by the parties and the parties' joint statement that the problems attendant to defendant's responses to discovery in this case may be largely attributable to the conduct of defendant's former counsel, Mr. Na'il Benjamin.  However, the award of reasonable expenses is made only against defendant, as opposed to defendant *and* Mr. Benjamin, because it is not at all clear to the court whether Mr. Benjamin was acting on his own accord or upon defendant's direction.  The court leaves it to defendant, Mr. Benjamin, and Ms. Hall to determine how, if at all, to apportion responsibility for the award.  In any event, defendant shall make a timely payment of the award consistent with this order.

5.  Defendant's request for the award of reasonable expenses and/or sanctions is denied.

IT IS SO ORDERED.

DATED: June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE